GastoN, J.
 

 Three objections appear to have been made by tho defendant, to the prayer oí the plaintiff for a judg-
 
 *15
 
 meat against him. ' lie insisted, first, that, as his principal succeeded in the County Court in reversing the rendered by the magistrate, the defendants liability as surety for the appeal, was at an end ; secondly, that he did not “ subscribe” the engagement to be surety for the appeal, as required by the act of 1794, (Rev. St. c. 62, s. 23:) and thirdly, that the engagement having been taken by the magistrate after the expiration of the ten days, allowed by that act for granting an appeal, it was taken
 
 car am
 
 nonjúdice, and was therefore null.
 

 The first objection was clearly untenable. The case of
 
 Dolby v Jones, 2
 
 Dev. 109, is decisive, that the surety for an appeal from the judgment of a magistrate, is surety to the action, and is bound to satisfy the judgment, which may be finally rendered therein against the appellant.
 

 In answer to the second and third directions, it has been here urged that they ought not to have been entertained, for that the certified proceedings of the magistrate are in the nature of a record, and that evidence cannot be received to contradict them. We are not satisfied with tiiis answer.- — .
 

 The extrinsic evidence was not offered to impeach
 
 th& force
 
 of the acknowledgment, made by the defendant as surety for the appeal, but to shew that such acknowledgment was
 
 not made
 
 with the formalities required by law, or was made before one who had not jurisdiction to take it, and therefore was not in truth what it purported to be. The judicial proceedings before magistrates, do certainly resemble records in the conclusiveness of their
 
 effect,
 
 but they differ from records' in this, that they do not conclusively
 
 prove themselves.
 
 — - Thus it may be shewn, that a judgment which purports to have been rendered in a county, where a magistrate has jurisdiction, was in fact rendered out of his county.
 
 Hamilton v Wright
 
 &
 
 Parish,
 
 4 Hawks, 283.
 

 But while we hold the evidence to have been admissable, we agree with the counsel for the plaintiff, that the matters thereby shewn, constituted no defence against the plaintiff’s prayer. The act of 1794 does indeed require, that the surety for the appeal shall himself subscribe the acknowledgment
 
 *16
 
 before the magistrate, and this requisition would not, in our have been complied with, if the witness’ name had been subscribed by another in his presence, or by his direc-^011, ®ut in this case, the subscription was made by
 
 himself.
 
 He actually held the pen while the signature was written, and it was not the less
 
 his
 
 subscription, because he had the aid of the magistrate in making it. It is true also, that the act of 1794, limits the time, within which a defendant may demand an appeal from the judgment of a magistrate, to ten days after the judgment shall have been rendered, but we cannot doubt that, with the consent of the parties, the appeal may be taken after the expiration of the limited time. No consent can give
 
 jurisdiction
 
 where the law withholds it, but consent may enlarge the time, within which a legal privilege can be exercised'.
 
 Wardens of the Poor
 
 v
 
 Cope,
 
 2nd Iredell, 44.
 

 ' We are of opinion, that the judgment below is erroneous, and ought to be reversed, and that the plaintiff is entitled to have judgment, as prayed for against the defendant, and to recover the costs of this appeal.
 

 Per Curiam. Judgment accordingly.